IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES MARTIN, SR., )<br>)<br>Plaintiff,          )<br>)<br>-vs-                                    )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant.        ) | Civil Action No.  21-164 |

## **ORDER**

AND NOW, this 19th day of May, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]      In this case, Plaintiff waived his right to counsel at the hearing before the administrative law judge ("ALJ") and proceeded *pro se*.  To that end, Plaintiff, now represented by counsel, points out the heightened duty of care owed by ALJs to *pro se* claimants.  Nonetheless, to the extent Plaintiff seeks a remand because he was not represented by counsel before the ALJ, the

Court declines to do so. Plaintiff was advised of his right to counsel at the hearing and chose to proceed without such assistance. He does not suggest that the ALJ was derelict in her duty to develop the record, but rather, implies that his lack of representation at the hearing prejudiced him. After a review of the record, the Court finds no prejudice or unfairness. The ALJ obtained medical evidence, took testimony, sent Plaintiff for two consultative examinations, and assisted Plaintiff during the hearing testimony. Plaintiff was afforded a full and fair hearing. In the absence of prejudice or unfairness, as discussed above, the lack of counsel is not sufficient cause for remand. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). The Court is, of course, cognizant that Plaintiff proceeded *pro se* at the administrative level and will keep that fact in mind in adjudicating the other issues raised.

Plaintiff next submits that the residual functional capacity ("RFC") formulated by the ALJ is not supported by substantial evidence because the ALJ did not account for all of his manipulative limitations in the RFC. An ALJ is charged with formulating the RFC based on all of the relevant evidence. *See* 20 C.F.R. § 404.1545(a)(1). To that end, an ALJ must explain the basis for the RFC finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *See Burnett,* 220 F.3d at 121 (citing *Cotter,* 642 F.2d at 705). There is no requirement, however, for an ALJ to discuss or refer to every piece of relevant evidence in the record, so long as the reviewing court can determine the basis of the decision. *See Fargnoli*, 247 F.3d at 42; *Hur v. Barnhart*, 94 Fed. Appx. 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *See Cotter*, 642 F.2d at 705.

At issue in this case is the ALJ's consideration of opinion evidence from consultative examiner Alexandra Smith-Demain, M.D. (R. 465-80). The Court first notes that for claims filed on or after March 27, 2017, as is the case here, the agency has redefined what constitutes a medical opinion, how ALJs consider medical opinions, and the way ALJs discuss medical opinions in their decisions. *See* 20 C.F.R. §§ 404.1513, 404.1520c. An ALJ's consideration of medical opinion evidence regarding the RFC finding is subject to the framework articulated at Section 404.1520c, and pursuant to that framework, an ALJ is to consider the opinion's persuasiveness. *See* 20 C.F.R. § 404.1520c(b). Five factors are at the ALJs' disposal as they determine persuasiveness, of which they must address the two most important factors – supportability and consistency. *See id.* at § 404.1520c(a)-(c).

Plaintiff specifically argues that the ALJ found Dr. Smith-Demain's opinion "generally persuasive" but did not include "any indictment of Dr. Smith-Demain's opinion" regarding Plaintiff's inability to reach, handle, finger, feel, or push/pull with the right hand and that he cannot sort, handle, or use paper/files. Plaintiff argues that the ALJ's finding that Plaintiff was unable to use his non-dominant right hand except as an occasional helper was inconsistent with

Dr. Smith-Demain's opinion, and that, by failing to address this inconsistency, the ALJ failed adequately to support his RFC findings. As such, Plaintiff submits that remand is warranted for further explanation. After a review of the record, the Court disagree.

To begin with, although the ALJ did find Dr. Smith-Demain's opinion to be "generally persuasive" (R. 60), she did not purport to adopt it wholesale. Instead, the ALJ considered this opinion, along with the other record evidence, in determining Plaintiff's functional capacity. To this end, she crafted an RFC that limited Plaintiff's non-dominant right upper extremity to "no use…other than as an occasional helper to the dominant left upper extremity." (R. 56). In so doing, the ALJ discussed in detail and at length Plaintiff's upper extremity limitations, setting forth Plaintiff's claims, his activities of daily living, the medical evidence, and the opinion evidence. (R. 51-63). The ALJ acknowledged that Plaintiff has significant right side impairment, but also noted that Plaintiff himself felt he had a 25 percent use of the right arm, that he reported hunting with a rifle and a bow and arrow, and that he washed clothes and dishes, performed personal grooming, prepared meals, performed household chores and yard work, drove a car, cared for his children, shopped in stores, and helped manage household finances. The ALJ further discussed Plaintiff's limited treatment during the relevant period and specifically noted that that Dr. Smith-Demain found Plaintiff had, among other things, decreased strength of 2/5 on the right and 4/5 strength at the proximal muscles of the right upper extremity, and decreased muscle tone on the right. Based "*in part* upon Dr. Smith-Demain's consultative exam," the ALJ then crafted an RFC that recognized no use of the right upper extremity except as an occasional helper to the left upper extremity. (R. 60) (emphasis added). From this discussion, the Court is able to discern the factual basis underlying the ALJ's decision to prohibit all use of the right upper extremity other than as a helper hand to the left upper extremity. The Court finds that the ALJ's discussion adequately encompassed the relevant evidence and further finds that substantial evidence supports the ALJ's RFC determination.

At the last stage of the sequential analysis, the ALJ concluded, given Plaintiff's age, education, work experience, and RFC, that jobs exist in significant numbers in the national economy that he is able to perform, such as surveillance system monitor, addresser, and document preparer. (R. 61-62). Plaintiff argues that the jobs of addresser and document preparer require frequent reaching, handling and fingering and that adding the additional inability of sorting, handling or using paper/files would eliminate these occupations. However, the testimony of the vocational expert ("VE") upon which the ALJ relied is not inconsistent with this; indeed, the VE specifically addressed the issue of Plaintiff's very limited ability to use his right arm in performing these jobs. (R. 219-21). Moreover, to the extent that Plaintiff is arguing that the ALJ erred by improperly disregarding the VE's testimony that a complete inability to use his right arm would prevent Plaintiff from performing any jobs, that testimony was not in response to the ultimate RFC determined by the ALJ. An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's impairments. *See Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). As set forth above, there is substantial evidence that the RFC rincluded in the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Consequently, the Court finds no error in this regard.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/ Alan N. Bloch<br>United States Senior District Judge

ecf:  Counsel of Record

---

Additionally, Plaintiff asserts that the ALJ erred by relying on the jobs of addresser, surveillance system monitor, and document preparer because the jobs are obsolete and/or there are discrepancies between the VE's testimony and the Dictionary of Occupational Titles ("DOT") that are not explained. The Court is unpersuaded by this argument. While Plaintiff may desire that the Social Security Administration reconsider its reliance on the DOT in disability proceedings, there is no doubt that "the DOT remains an appropriate source of occupational data. Under 20 C.F.R. § 404.1566(d)(1), the Social Security Administration may take administrative notice of job information from the DOT." *Devault v. Astrue*, Civ. No. 2:13–cv–0155, 2014 WL 3565972, at *6 (W.D. Pa. July 18, 2014). "Social Security Ruling 00–4P sets forth that the relevant inquiry is whether VE testimony is consistent with the DOT." *Id.* "ALJs are directed to identify and explain conflicts between the VE's testimony and the DOT." *Coates v. Colvin*, No. CIV.A. 14-0265, 2014 WL 4792199, at *4 (W.D. Pa. Sept. 24, 2014). That is exactly what occurred in this case. The ALJ asked the VE if her testimony was consistent with the DOT and the VE answered that it was not. (R. 220-21). The VE then explained the discrepancy in that the DOT does not address the use of one arm and further explained that her testimony was based on her education, training, knowledge, and experience. (R. 221). Under these circumstances, the ALJ's reliance on the testimony of the VE was proper and is supported by substantial evidence.

Finally, Plaintiff submits that any reduction in the number of jobs identified by the VE, in this case 30,000, would not justify a significant number of jobs in the national economy. As Plaintiff concedes, however, since the Court finds no error in the ALJ's RFC determination and no appropriate challenge to the VE's testimony or the ALJ's reliance on the same, Plaintiff cannot prevail on his "significant number of jobs" argument. Thus, this argument fails.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.